Honorable Marc Barreca<br>
Chapter 7; Everett<br>
TELEPHONIC HEARING<br>
Hearing Date: October 14, 2020<br>
Hearing Time: 10:00 a.m.<br>
**Response Date**: **October 7, 2020**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>Willie B Griffin,<br><br>                Debtor(s). | Case No. 20-12050<br><br>MOTION BY UNITED STATES TRUSTEE FOR DISGORGEMENT OF FEES PURSUANT TO BANKRUPTCY CODE SECTION 329(b) |

      The United States Trustee hereby moves the Court for an Order that a portion of the fees paid by Willie B. Griffin (the "Debtor") to his bankruptcy attorney Tom S. Hyde must be disgorged as excessive under the facts and circumstances of this case (the "Motion"). In support of the Motion, the United States Trustee respectfully states as follows:

      1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      2.     The Motion is made pursuant to 11 U.S.C. § 329(b), and Rules 2016, 2017(a) and 9014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1.

      3.     The Motion is based upon the Motion, the attached Memorandum, the Declaration of Dennis Lee Burman filed concurrently herewith (the "Burman Decl."), the records and files in the case, and such other evidence as may be introduced prior to or at the time of the hearing on the Motion.

UNITED STATES TRUSTEE'S MOTION - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

4. The Debtor filed his voluntary chapter 7 petition on July 31, 2020 (the "Chapter 7 Case").

5. Dennis Lee Burman is the chapter 7 trustee in the Chapter 7 Case (the "Trustee").

6. The Debtor is represented in the Chapter 7 Case by attorney Tom S. Hyde ("Hyde"). On August 21, 2020, Hyde filed a motion to withdraw, which is set for hearing on September 23, 2020. ECF no. 13.

7. According to the Disclosure of Compensation of Attorney for Debtor's filed with the Debtor's bankruptcy documents (as ECF document no. 1) and signed by Hyde on July 27, 2020 (the "Disclosure"), he received a $725 fee prepetition to represent the Debtor in the Chapter 7 Case. Pursuant to paragraph 6 of the Disclosure, Hyde committed to represent the Debtor at the initial meeting of creditors held in the Chapter 7 Case, although not any second meeting.

8. The initial meeting of creditors in the Chapter 7 Case was held and concluded on September 1, 2020 (the "Creditors' Meeting").

9. Hyde informed the Trustee prior to the Creditors' Meeting that he did not intend to appear with the Debtor because of the pending motion to withdraw. Burman Decl., ¶ 3. The Debtor appeared at the Creditors' Meeting, but Hyde did not. Burman Decl., ¶ 4. The Debtor decided to go ahead with his testimony without the assistance and advice of Hyde – something he had bargained for, already paid for, and was entitled to receive.

10. Section 329(b) provides that if compensation paid to a debtor's attorney exceeds the reasonable value of the services provided, the Court may cancel the agreement between the debtor and the attorney, or order the return of the excessive payment to the estate or the debtor. *See also* F.R.B.P. 2017. As explained by one court, "one of the important purposes of § 329 is to ensure that attorneys provide competent representation to debtors." *In re Dean*, 401 B.R. 917, 923 (Bankr. D. Idaho 2008) (court ordered one-half of attorney's $1,875 fee disgorged). "Counsel bears the burden of justifying his charges under § 329. It is the same burden as he bears when demonstrating an entitlement to fees under §330. [Citations omitted] Failure to meet this burden supports reduction or denial of the compensation sought." *In re Castorena*, 270 B.R.

UNITED STATES TRUSTEE'S MOTION - 2

504, 515 (Bankr. D. Idaho 2001) (court reduced an attorney's chapter 7 flat fee of $250.00 to $125.00 in each of 19 cases); *In re Cervantes*, -- B.R. --, 2020 WL 1580277 *8 (March 31, 2020) ("Under § 329(b), the initial burden is on the attorney to justify compensation charged in connection with a bankruptcy case."). The Court has wide discretion in determining reasonable compensation for purposes of § 329. *In re Castorena*, 270 B.R. at 515. Also, under § 329, the unreasonableness of a fee can derive from either overcharging or from underperforming. *Id.* at 522.

11. The meeting of creditors is one of, if not the, most important events that occurs in a typical chapter 7 case. The debtor is put under oath, and his or her testimony in response to questions by the chapter 7 trustee and other parties in interest is recorded. For most debtors it is the only direct contact with the chapter 7 trustee and with the bankruptcy system. The meeting is an important tool for identifying possible factual matters, and related legal issues that may affect the debtor's right to a discharge or other issues of major significance to the debtor. Clearly, what a debtor testifies to at the meeting "may have significant repercussions" for him or her. *Id.* at 525. Attending that meeting is a "fundamental and core obligation" of any attorney representing a debtor. *Id.* at 530. *See also, Dignity Health v. Seare (In re Seare)*, 493 B.R. 158, 193 (Bankr. D.Nev. 2013) *aff'd* 515 B.R. 599 (B.A.P. 9th Cir. 2014)(noting that "representation at the Section 341 meeting is mandatory to fulfill the duty of competence; it is part of the bundle of services that are reasonably necessary to achieve the client's reasonably anticipated result – a discharge."); *In re Harwell*, 439 B.R. 455, 458 (Bankr. W.D. Mich. 2010) (referring to the initial meeting of creditors, the court stated: "For many debtors, it is an intimidating experience. Having an attorney at the first meeting, preferably one with direct knowledge of a debtor's schedules and pre-bankruptcy circumstances, provides considerable comfort and crucial assistance."); *Bone v. Juday (In re Josey)*, 195 B.R. 511, 513-514 (Bankr. N.D. GA. 1996) ("The §341 meeting of creditors is a significant event in a bankruptcy case, and usually presents the first opportunity for the Trustee, the United States Trustee, and the creditors to examine the debtor and to determine the accuracy of debtor's schedules and the prospects of creditors being

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

paid. Attorneys for debtors cannot adequately represent their clients if they fail to appear at the § 341 meeting.").

12. The United States Trustee asserts that the fees paid by the Debtor exceeds the reasonable value of services provided by Hyde given his failure to attend and represent the Debtor at the Creditors' Meeting. While Hyde filed his motion to withdraw prior to the Creditors' Meeting, he was still the attorney of record at the time it was held – and the fee he charged the Debtor contemplated Hyde's appearance at the Creditors' Meeting. Under these circumstances, where it would be a windfall for Hyde to receive a fee for a service he did not provide, the United States Trustee requests that Hyde be required to disgorge to the Debtor at least $200 of the $725 fee he received.

13. A proposed Order is attached hereto.

WHEREFORE, the United States Trustee respectfully requests that the Court:

A. Grant the Motion;

B. Order the disgorgement of at least $200.00 by Hyde to the Debtor; and

C. Grant such other and further relief as the Court may believe appropriate.

DATED this 4th day of September, 2020.

Respectfully submitted,

Gregory M. Garvin
Acting United States Trustee for Region 18


  /s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

UNITED STATES TRUSTEE'S MOTION - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)